UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | CASE NO. 3:17-CV-0139-D |
| | § | |
| ROBIN GLEN CHARLET, STEVEN WILLIAM SPARKS, GREGORY JOHN TUTHILL, and KIRK DEAN PORTER, | § § § § § § | |
| Defendants. | § | |

**FINAL DEFAULT JUDGMENT
AS TO DEFENDANT GREGORY JOHN TUTHILL**

This matter came before this Court on the motion of Plaintiff Securities and Exchange Commission ("the Commission"), seeking entry of a final judgment by default providing it with the relief requested in its Complaint against Defendant Gregory John Tuthill ("Tuthill") by reason of his failure to timely file an answer or other responsive pleading in accordance with the Federal Rules of Civil Procedure.

This Court, having considered the pleadings and evidence on file herein, makes the following findings of fact and conclusions of law:

1.  The Commission's Complaint [Doc. 1] commencing this civil action against Defendant Gregory John Tuthill was filed on January 13, 2017.

2.  Defendant Tuthill accepted service and signed a Waiver of Summons. The Waiver was filed on February 16, 2017 [Doc. 9]. Tuthill failed to file an answer, and on June June 15, 2017 [Doc. 20], the District Clerk entered a default against him.

3.  The Court has jurisdiction over this cause and over Tuthill. Based on the failure

to deny the factual allegations in the Commission's Complaint by Tuthill and the evidence included in the Commission's Appendix filed in support of its Motion for Default Judgment [Doc. 24], all factual allegations therein are hereby deemed admitted against them.

5. Accordingly, the Court finds that Defendant Tuthill violated Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] and Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)].

On the basis of the foregoing findings of fact and conclusions of law:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by, while engaging in business as a broker or dealer, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than as exempted security or commercial paper, bankers' acceptances, or commercial bills) unless registered with the Commission in accordance with Section15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or associated with a broker or dealer that is registered with the Commission in accordance with Section15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Default Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $28,500, representing the commissions that he received on the sales of the unregistered securities since January 13, 2012, together with prejudgment interest thereon in the amount of $5,229.64, and a civil penalty of $28,500 pursuant to Section 20(d)(2)(A) of the Securities Act and Section 21(d)(3)(B)(i) of the Exchange Act.  Defendant shall satisfy this obligation by paying the total sum of $62,229.64 to the Securities and Exchange Commission within 30 days from the date of the entry of this Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Gregory John Tuthill as a defendant in this action; and specifying that payment is made pursuant to this Final Default Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Default Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Default Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Default Judgment forthwith and without further notice.

Signed July 14, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE